PITZMAN'S CO. OF SURVEYORS & ENGINEERS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 21745, 39299.   Promulgated January 27, 1931.

*Abraham Lowenhaupt, Esq.*, and *Stanley S. Waite, Esq.*, for the petitioner.

*T. M. Mather, Esq.*, for the respondent.

TRUSSELL: We are required in this case to determine questions of fact relative to depreciation of the surveying and engineering records of the petitioner. In each of the taxable years amounts of reserves for this depreciation were set up on the books of the petitioner by charges to profit and loss, and the same amounts were claimed as deductions in the returns filed by the petitioner. The respondent has disallowed the deductions in their entireties, alleging that there is no cost returnable to the petitioner, since all of the cost was borne by the clients of the petitioner. On the contrary, however, the parties now stipulate that the records originally acquired by the petitioner upon organization in 1892 cost the petitioner $47,000 and, further, the evidence shows that the cost of the recording of the additional facts subsequently incorporated into the records was distinctly not charged to or paid by the clients. With respect to the records acquired prior to March 1, 1913, after a careful study of the evidence, including a showing of the probable original cost, the cost of reproduction and the amount of a bona fide cash offer for the records about that time, we are satisfied that the claim of the petitioner for recognition of a fair value in the amount of $250,000 on March 1, 1913, is allowable.

Prior to 1922, the records were kept in good physical condition and up to date. The work was done by the office force at odd times whenever opportunity offered. The costs thus incurred were merged with the expenses and currently charged off to profit and loss account; they were not capitalized upon the books. The application of strict theory would require the charging off in each of the years of allowances for depreciation and the capitalization of expenditures which resulted in capital additions to the assets, but the situation here is similar to other cases in which the cost of the replacements and additions is considered to equal the allowances for depreciation, and it is sufficient for all practical purposes to measure annual depreciation by the cost of replacements. Cf. *F. E. Heath*, 7 B. T. A. 114. This customary maintenance of the records was not accomplished, however, during the taxable years, for the reason that the demands of greatly increased business, together with an unavoidable reduction of the office force, rendered it impossible to compile the accumulating additional information or even to physically maintain the existing records. Thus, on the one hand, there was a failure to maintain the previously steady stream of capital additions, while, on the other hand, there was clearly a depreciation of the existing records. We are satisfied that the petitioner is entitled to the deduction of reasonable allowances for depreciation growing out of tihs situation.

We must determine from the evidence what allowances will be reasonable in amount. A consistent method of accounting was fol-

lowed by setting up reserves during the taxable years for the depreciation and subsequently the cost of the rehabilitation of the records was charged to the depreciation reserve and not to profit and loss. This case is similar to *Wilkes-Barre Lace Manufacturing Co.*, 1 B. T. A. 467, wherein we approved a similar method of accounting. After a careful study of the evidence, we are of opinion that the petitioner has not sustained the burden with reference to its claim for obsolescence, and we do not view with favor the proposition to revise upward the allowances originally charged off on the books and claimed in the returns. We think that such allowances, estimated when apparently in close touch with the facts and conditions, satisfactorily reflect for income tax purposes the depreciation recognizable and allowable. We, therefore, conclude that the deficiencies should be recomputed allowing in the taxable years deductions from income of the depreciation entered each year upon the books and claimed in the returns.

Reviewed by the Board.

*Judgment will be entered pursuant to Rule 50.*

MORRIS, LANSDON, STERNHAGEN, ARUNDELL, MURDOCK, and MATTHEWS dissent.